UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | | |
|---|---|---|---|
| WILLIE TOBIAS HILL, | ) | | |
| | ) | | |
| Petitioner, | ) | Case Nos. | 4:11-cr-13-HSM-SKL |
| | ) | | 4:13-cv-12-HSM |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| | ) | | |

### MEMORANDUM AND ORDER

Petitioner Willie Tobias Hill ("Petitioner"), a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 207].[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion [Doc. 260] and a supplemental response that includes an affidavit of Petitioner's former counsel [Doc. 262]. Petitioner did not file a reply to the Government's response. For the reasons stated below, a hearing will be held on Petitioner's claim that he directed his counsel to file an appeal.

**I. BACKGROUND**

On July 26, 2011, Petitioner and six co-defendants were charged with conspiring to distribute at least twenty-eight grams of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and (b)(1)(C) [Doc. 34]. The Government filed a notice of its intent to enhance Petitioner's sentence, pursuant to 21 U.S.C. § 851 [Doc. 37]. With the benefit of a written plea agreement, Petitioner pleaded guilty to the charge of conspiring to distribute at least twenty-eight grams of crack cocaine [Doc. 43]. Pursuant to his plea agreement, and as argued by

---

[1] All citations to the district court record are to the docket in the underlying criminal case.

the Government, Petitioner waived his right to appeal his conviction and sentence, so long as it did not exceed the sentencing guideline range or the applicable mandatory minimum sentence [Doc. 43 at Page ID # 78-79, ¶15(a)]. In addition, Petitioner waived his rights to assert claims under § 2255 except for claims of ineffective assistance of counsel or prosecutorial misconduct not known to him by the time of the entry of judgment [Doc. 43 at Page ID # 79, ¶15(b)].

Using the 2010 version of the Sentencing Guidelines, the probation office determined Petitioner was responsible for 785.2 grams of cocaine base, yielding a base offense level of 32 [Presentence Investigation Report ("PSR") at ¶¶ 20, 21]. As Petitioner was deemed a career offender his base offense level was adjusted to 37 [PSR at ¶¶ 28, 33, 36, 37]. After a three-level reduction for acceptance of responsibility, his total base offense level was 34 [PSR at ¶¶ 29, 30]. Petitioner's enhanced criminal history category was VI, which yielded a Guidelines range of 262 to 327 months' imprisonment with a ten-year mandatory minimum sentence [PSR at ¶¶ 39, 52, 55]. On February 6, 2012, the Court granted the government's motion for downward departure (reducing the sentence by 111 months) and sentenced Petitioner to 151 months' imprisonment [Doc. 166].

Petitioner did not file an appeal, but instead filed his timely 2255 Motion. In his 2255 Motion, Petitioner alleged that his "prior conviction did not qualify for enhancement purposes under *Pruitt v. United States*, (6th Cir. 2010)," and that there was "presecutor's misconduct by not turn over all discovery materials." [Doc. 207 at Page ID # 558-59]. Petitioner indicated in his 2255 Motion that supporting facts for his claim were set forth in a "memorandum of law," but he never submitted any such memorandum. The Court determined Petitioner's 2255 Motion was "inadequately pled," because it lacked "factual specificity" but because Petitioner's motion referenced an unfiled memorandum of law, the Court presumed petitioner had "inadvertently

2

omitted the supporting memorandum," and ordered Petitioner to file his memorandum [Doc. 229].

Petitioner filed a memorandum within the time allotted by the Court, but the memorandum articulated new claims and offered no factual or legal support for Petitioner's timely-filed 2255 Motion [Doc. 233]. Petitioner also filed an entirely new § 2255 motion as an exhibit to the memorandum which purports to assert four claims, none of which was presented in his timely filed § 2255 Motion. Petitioner's new claims are: (1) that his guilty plea was rendered invalid because he was allegedly sentenced under the Sentencing Reform Act of 1984 rather than the Fair Sentencing Act of 2010; (2) that counsel was constitutionally ineffective for not further investigating the facts of the case or alleging a Brady violation; (3) that his guilty plea was rendered invalid because the Court allegedly sentenced him using more facts than those which he had admitted when pleading guilty; and (4) that counsel was constitutionally ineffective for not filing a notice of appeal even after he made "several demands [for counsel] to do so." [Doc. 233-1].

## II. STANDARDS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors constituting "fundamental defect[s] which inherently result[] in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428

3

(1962), *quoted in Reed v. Farley*, 512 U.S. 339, 348-49 (1994); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. ANALYSIS

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff*, 734 F.3d at 606. To demonstrate a violation of the Sixth Amendment right to effective assistance of counsel under the two-prong test, "a defendant must

4

establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687). A petitioner who challenges a guilty plea based on ineffective assistance of counsel must demonstrate not only deficient performance by counsel and prejudice but also that but for counsel's errors, there is a reasonable probability the petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The first prong requires the petitioner to show his attorney's performance was deficient by demonstrating "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, prejudice. Thus, a petitioner must show not only that his

5

counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it noted that

> there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697.

Petitioner claims that he repeatedly instructed his counsel to appeal. The Government responds to this argument with an assertion that the claim is untimely, meritless given the appellate waiver in Petitioner's plea agreement [Doc. 260], and simply false, unsupported and unsupportable given the affidavit of Petitioner's former counsel who swears that Petitioner never instructed him to file a direct appeal and even advised counsel he did not desire to appeal [Doc. 262-1]. The Government essentially argues this Court should credit the sworn affidavit of Petitioner's former counsel over Petitioner's belated assertions he demanded an appeal be filed.

To prevail on a claim that counsel failed to file a direct appeal, Petitioner would need to demonstrate that either (1) the attorney disregarded his instructions to file a notice of appeal, or (2) the attorney failed to consult with him about an appeal when the attorney knew or should have known that he might want to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477-78, 480 (2000). Prejudice is presumed when counsel fails to file a notice of appeal when specifically requested to do so by his client. *See id*. at 477; *see also Ludwig v. United States*, 162 F.3d 456,

6

(6th Cir. 1998) (holding "that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment"). Indeed,

> even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal.

*Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *accord Roe*, 528 U.S. at 477 ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Pola v. United States*, 778 F.3d 525, 534 (6th Cir. 2015) ("The proper inquiry is to determine whether the record and affidavits suggest that one of four scenarios occurred: (1) [Petitioner] expressly requested that [counsel] file a notice of appeal; (2) a rational defendant in [Petitioner's] situation would want to file an appeal; (3) [Petitioner] reasonably demonstrated to [counsel] that he wanted to appeal his conviction and sentence; or (4) none of the above.").

If counsel ignored Petitioner's express instruction to file an appeal within the fourteen-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4, such action "amounts to a per se violation of the Sixth Amendment, and thus, regardless of the merits of [Petitioner's] substantive claims, he would be entitled to relief under § 2255 . . . ." *Campbell*, 686 F.3d at 359 (internal quotations omitted); *accord Pola*, 778 F.3d at 532-533. If Petitioner presents a factual dispute, then an evidentiary hearing must be held to determine the truth of the Petitioner's claims. *See, e.g., Pola*, 778 F.3d at 534; *Campbell*, 686 F.3d at 360; *Huff,* 734 F.3d at 610. Under current binding precedent, the Court concludes Petitioner is entitled to a hearing on the issue of whether his counsel rendered ineffective assistance of counsel with respect to not filing an appeal. Petitioner will be appointed counsel to represent him at a hearing solely as to this issue.

7

The Court reserves its determination of whether this issue, as well as the remaining issues, were timely raised or adequately pleaded.

## IV. CONCLUSION

The Court will hold an **EVIDENTIARY HEARING** pursuant to Rule 8 of the 2255 Rules limited solely to the issue of whether Petitioner's counsel rendered ineffective assistance with respect to counsel's failure to file a direct appeal on Petitioner's behalf. The parties will be afforded an opportunity to supplement the record with additional proof and other materials regarding this issue as provided in Rule 7 of the 2255 Rules. Petitioner will be appointed counsel to represent him solely as to this issue of direct appeal.

Accordingly, the Court will conduct an evidentiary hearing to determine whether Petitioner timely directed his attorney to file a notice of appeal on his behalf. The parties are hereby **ORDERED** to appear for a hearing **at 9:00 a.m**. on **Friday, December 11, 2015,** before United States District Judge Harry S. Mattice, Jr., Third Floor District Courtroom, U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. The Court hereby **APPOINTS** attorney Bryan H. Hoss to represent Petitioner at the evidentiary hearing.

It is further **ORDERED** that the United States Marshal, or his authorized deputy, transport the Petitioner from his place of incarceration to Chattanooga, Tennessee, allowing sufficient time for Petitioner to be available in Chattanooga, Tennessee, to meet with his attorney before the hearing.

**SO ORDERED.**

**ENTER.**

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE